THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VICTORIO RODRÍGUEZ RIVERA, Defendant and Appellant.

No. 8148. Argued June 5, 1940.—Decided June 10, 1940.

*Enrique Báez García* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

On July 29, 1938, the district attorney filed, in the District Court of Mayagüez, an information against the appellant herein for a violation of section 7 of Act No. 14 of 1936 (Sess. Laws (2), p. 128), as amended by Act No. 95 of 1937 (Session Laws, p. 231), in that said defendant had a pistol in his possession without having declared and registered the same in the district where he resides nor in any other district.

Prior to the filing of said information, the police had made a search of defendant's house and seized therein a pistol which is the one described in the information. The search was made pursuant to a search warrant issued by the Justice of the Peace of Mayagüez.

The defendant was arraigned on August 27, 1938, and entered a plea of not guilty.

On October 27, 1938, the defendant moved to annul the search warrant and his motion was denied on the 14th of the same month, which was the same date set for holding the trial.

On December 14, 1938, the defendant moved to dismiss the prosecution on the ground that the period of 120 days within which the trial should have been held in accordance with the provisions of subdivision 2 of section 448 of the Code of Civil Procedure, had already expired. In support of his motion, he alleged that the trial had never been postponed at his

request; that ever since he answered the information he had been ready to go to trial; that the postponement of the trial, which had been set for October 14, 1938, had been ordered at the request of the district attorney, as the latter had to go to San Juan; that on that day the defendant appeared together with his attorney and witnesses ready to go to trial. The motion was denied on the ground that the limitation period had been interrupted by the defendant's motion to annul the search warrant.

From the record it appears that the trial of the case was commenced on February 4, 1939, on which date the prosecution introduced a part of its evidence and the trial was postponed until the 11th of the same month. The record fails to show the reason why the trial was not resumed on February 11th. On March 31, 1939, the court set April 10, 1939, to finish the trial. The record also fails to show why the trial was not proceeded with on April 10. On April 18, 1939, the trial was completed and the defendant was found guilty and sentenced to six months in jail.

Of the six assignments on which the present appeal is based only the second merits consideration; it reads thus:

"2d. The District Court of Mayagüez erred in denying the motion to dismiss the prosecution filed by the defendant."

■■ The appellant is right. From July 29, 1938, the date of the filing of the information, to December 14, 1938, the date on which the dismissal was requested, more than 138 days had elapsed without the defendant having been tried or without any sufficient legal cause having been alleged to justify the delay.

In the case of *People* v. *Valdespino,* 45 P.R.R. 500, this Supreme Court has held that the time consumed in dilatory motions and rulings thereon is a good cause for the delay and for not dismissing the prosecution.

A motion to annul a search warrant is not of a dilatory character. It has nothing to do with the pleadings. This

is shown by the fact that, in the present case, the hearing of said motion was set for the same day fixed for the holding of the trial. On that day the court heard and decided the motion, and the trial was not held because the district attorney had to absent himself. The motion had no connection with the continuance of the trial. It was error for the trial court to hold, as it did, that the filing of said motion interrupted the statutory period of 120 days for the holding of the trial.

The judgment appealed from must be reversed and the defendant discharged.

Mr. Chief Justice Del Toro took no part in the decision of this case.